# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| ELIZABETH L. PERRIS | 1001 S.W. FIFTH AVENUE, # 700 | DIANE K. BRIDGE, LAW CLERK |
|---|---|---|
| CHIEF BANKRUPTCY JUDGE | PORTLAND, OREGON 97204 | MARGOT LUTZENHISER, LAW CLERK |
| | (503) 326-1536 | |

**VIA FACSIMILE**

December 19, 2007

Pamela E. Singer
Pachulski Tang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA  94111-4500

Tara J. Schleicher
Farleigh Witt
121 SW Morrison St. #600
Portland, OR  97204

>    Re:  <u>In re Carolina Tobacco Company</u>, Case No. 05-34156
>         <u>State of Arkansas et al. v. Carolina Tobacco Company</u>,
>         Adv. No. 06-3337

Dear Counsel:

The court has received and reviewed the states' <u>Crateo</u> motion, filed in both the main bankruptcy case and the adversary proceeding.  After reviewing the motion and attached exhibits, I have determined that a response from debtor is not necessary. The purpose of this letter is to give you my ruling on the motion.

The plaintiff states move for an order indicating that this court will entertain and consider granting relief on three motions: (1) a motion under 11 U.S.C. § 502(j) to reconsider allowance of the claim of CPI-NV for the purpose of voting on debtor's plan of reorganization; (2) a motion under Bankruptcy Rule 60(b)(5) to reconsider the order abating the adversary proceeding, which seeks revocation of the order confirming debtor's plan, pending disposition of the appeal of the confirmation order; and (3) a motion to amend the adversary complaint.  The states attach as exhibits the motions they would file regarding the first and third point above.  They do not attach any proposed motion to reconsider the abatement order. The two reconsideration motions are premised primarily on fraud uncovered with regard to the CPI-NV claim.

As a general rule, the filing of a notice of appeal divests
the trial court of jurisdiction over the matters being appealed.
Nat'l Assoc. of Home Builders v. Norton, 325 F.3d 1165, 1167 (9th
Cir. 2003).  While an appeal is pending, a party seeking
reconsideration of the order being appealed may ask the trial
court to indicate whether it would consider or grant the motion
for reconsideration.  If such indication is given, the appellant
can then move for a remand from the court of appeals to allow the
trial court to rule on the motion for reconsideration.  Canadian
Ingersoll-Rand Co. v. Peterson Products of San Mateo, Inc., 350
F.2d 18, 27 (9th Cir. 1965); Crateo, Inc. v. Intermark, Inc., 536
F.2d 862 (9th Cir. 1976).

1.    Reconsideration of the CPI-NV claim

      The states want the court to indicate a willingness to
entertain a motion to reconsider allowance of the CPI-NV claim
for purposes of voting on the plan.  They argue that, if they and
I had known the facts about the claim at confirmation, I  would
not have considered the vote of CPI-NV in deciding whether to
confirm the plan.  The states further argue that, without the
CPI-NV acceptance of the plan, there would not have been
sufficient votes by an impaired class in favor of the plan to
support confirmation.

      There is no reason to reconsider the allowance of the CPI-NV
claim for voting purposes at this time because, contrary to the
states' assertion, acceptance of the plan by CPI-NV was
unnecessary to my conclusion that debtor had satisfied the
confirmation requirement that at least one impaired class of
claims accept the plan.  The states ignore the claim of House of
Prince ("HoP") for $105 million, which was an impaired class that
voted to accept the plan.  As I explained in the Amended
Memorandum Opinion re Confirmation of Plan (Docket #543):

            The states argue that debtor cannot rely on the CPI-NV
      claim to provide a consenting class, because it is not a
      claim against debtor and therefore is not properly included
      in the plan.

            . . . .

            However, debtor has the consent of Class 3A [CPI-NV
      claim] as well as the consent of Class 2, which is comprised
      of the claim of House of Prince for $105 million.

Amended Memorandum Opinion at 30.  I disagreed with the states'
argument that the HoP claim was not impaired, and noted that the
claim was temporarily allowed in the amount of $105 million,
without any objection from the states.  The conclusion was that
the acceptance of the plan by Class 2 alone, which is the HoP
claim, was sufficient to provide a consenting impaired class:

> Class 2 is therefore impaired and its vote in favor of the
> plan provides the consenting impaired class for confirmation
> purposes.
>
> Even if there were no other accepting impaired class,
> acceptance of the plan by Class 2, which is impaired, meets
> the requirement under § 1129(a)(1) that there be at least
> one consenting impaired class.

Id. at 32.

Because it would make no difference as to whether there was
acceptance of the plan by an impaired class if I were to
reconsider allowance of the CPI-NV claim for confirmation
purposes, there is no reason to indicate my willingness to
entertain such a motion at this time.

2.    Reconsideration of abatement order

After the court entered an order confirming debtor's plan of
reorganization, the plaintiff states appealed that order.  Later,
the plaintiff states filed this adversary proceeding, seeking
revocation of the confirmation order that is currently on appeal
on the basis that confirmation was obtained through fraud.
Because this adversary proceeding seeks to revoke the order that
is on appeal, it pertains to the same matter as is on appeal.
Accordingly, I entered an order abating the adversary proceeding
until the disposition of the appeal.

The states have not filed a motion for reconsideration of
the abatement order, but they do ask for that reconsideration in
their Crateo motion.  It is not clear whether they want to vacate
the abatement order in order to go to trial on the revocation
adversary, or only so they can amend the complaint.  Their
request for relief on pages 9 and 10 of their Crateo motion seems
to be directed only at amending the complaint and disallowing the
CPI-NV claim for voting purposes.  But their argument says it
would be inequitable to allow the appeal to go forward on a less
than complete record, and if this court were to decide to revoke

confirmation, the appeal would not be necessary.  I interpret that as a request to set aside the abatement and allow the adversary to proceed to trial.

I am not willing to entertain a motion to reconsider the abatement order in order to allow the trial on the adversary proceeding to go forward.  Before the abatement order was entered, the adversary proceeding had been set for a four-day trial.  If the circuit court reverses the confirmation order based on the legal arguments presented by the states, there will be no need to spend four days trying the complaint to revoke the confirmation order.

     3.    <u>Amendment of the complaint</u>

The states want an indication that I would entertain a motion to amend the complaint, based on their apparent belief that a remand from the Ninth Circuit is necessary before I could allow a motion to amend.  The fact that the confirmation order is on appeal does not preclude this court from ruling on preliminary matters such as whether the complaint should be amended.  I am willing to modify the abatement order for the limited purpose of considering and ruling on the motion to amend.[1]  I have jurisdiction to do that without the necessity of a remand from the circuit, because simply amending would not affect the confirmation order any more than the current complaint already does.

Counsel for the plaintiff states is directed to submit, within 14 days of the date of this letter, an order that (1) denies the <u>Crateo</u> motion regarding reconsideration of allowance of the CPI-NV claim for purposes of voting on the debtor's plan of reorganization; (2) denies the <u>Crateo</u> motion with regard to

---

[1]    The states say they want to add more states to the group of plaintiff states, although they do not make any specific request to do that.  They recognize that a motion to intervene might be necessary (States' Motion Requesting <u>Crateo</u> Indication at 1 n.1), but they seem to want me to allow the addition of more plaintiff states without any motion.  To the extent necessary, the abatement order will be further modified to allow the additional states that want to join the plaintiff states to file their motion to intervene under Fed. R. Bankr. P. 7024 and Fed. R. Civ. P. 24(b).

Pamela E. Singer
Tara J. Schleicher
December 19, 2007
Page 5

entertaining a motion to reconsider the abatement order and
allowing the trial of the adversary proceeding to proceed; and
(3) modifies the order abating the adversary proceeding for the
limited purposes of allowing the filing and consideration of a
motion by the plaintiff states to amend the complaint (and if the
states so choose to allow additional states to intervene as
plaintiffs).  The plaintiff states shall file their motion to
amend within 14 days of entry of the order.  Debtor shall file
its response within 14 days of the date the motion is filed.  The
court will set a hearing on the motion to amend (and to
intervene, if filed) after it is filed.

Very truly yours,

ELIZABETH L. PERRIS
Bankruptcy Judge